SAMUEL ALBA (0031)
MARALYN M. ENGLISH (8468)
SNOW, CHRISTENSEN & MARTINEAU
10 Exchange Place, Eleventh Floor
P.O. Box 45000
Salt Lake City, Utah 84145
Telephone:  (801) 521-9000
Facsimile:  (801) 363-0400
sa@scmlaw.com
mme@scmlaw.com

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| PHILIPS ORAL HEALTHCARE, LLC, a Washington limited liability company; and KONINKLIJKE PHILIPS N.V., a Netherlands limited liability company,<br><br>   Plaintiffs,<br><br> v.<br><br>MATTHEW PREECE, an individual residing in Utah; PREECE HOLDINGS LLC, a Utah limited liability company; SONISHARE LLC, a Utah limited liability company; SONISHARE EU LIMITED, a United Kingdom private limited company; and FORTIMER LTD., a Belize IBC Company,<br><br>   Defendants. | **COMPLAINT**<br><br>**JURY DEMANDED**<br><br><br><br><br>Case No. 1:17-cv-00065<br><br>Magistrate Judge Dustin B. Pead |

Plaintiffs Philips Oral Healthcare, LLC and Koninklijke Philips N.V. (collectively,

"Philips") allege the following, based on actual knowledge with respect to their own acts, and on

information and belief with respect to all other allegations:

**NATURE OF THE CASE**

1.      This is an action for trademark infringement, trade dress infringement, trademark dilution, unfair competition, cybersquatting, and deceptive practices under the Lanham Act, 15 U.S.C. § 1051 *et seq*., the laws of the State of Utah, and the common law.  Plaintiff Philips brings this action because Defendants, individually and/or in association with each other and/or third parties, have willfully infringed and diluted Philips' famous SONICARE trademark and willfully infringed certain Philips' replacement toothbrush head trade dress.

2.      Philips has been using the mark SONICARE in connection with electric toothbrushes, replacement toothbrush heads, and related products for over two decades.  In disregard of Philips' rights in the SONICARE mark and in an effort to trade on the substantial and valuable goodwill and reputation associated with that mark, Defendants have adopted the confusingly similar mark SONISHARE for use in connection with replacement toothbrush heads.  Compounding the likelihood of confusion, Defendants have advertised that such replacement toothbrush heads are for use with Philips' SONICARE products and also copied certain Philips' federally registered and common law toothbrush head trade dress.

3.      Philips seeks, among other remedies, injunctive relief, an award of the Defendants' profits, and compensatory damages, as well as an award of attorneys' fees and trebling of damages in accordance with 15 U.S.C. § 1117 given the blatant and exceptional nature of Defendants' infringement.

4.      The allegations set forth in this Complaint are directed to "Defendants," both individually and jointly.

## PARTIES

5.      Plaintiff Philips Oral Healthcare, LLC is a Washington limited liability company having an address at 22100 Bothell Everett Highway, Bothell, WA 98021.

6.      Plaintiff Koninklijke Philips N.V. is a limited liability company of the Netherlands having an address at High Tech Campus 5, NL-5656 Eindhoven, Netherlands.

7.      Defendant Matthew Preece is an individual residing at 764 East 1250 South, Kaysville, Utah 84037.

8.      Defendant Preece Holdings LLC is a Utah limited liability company with an address at 764 East 1250 South, Kaysville, Utah 84037.  According to Utah Secretary of State records, Preece Holdings LLC is the registered agent of Defendant Sonishare LLC.

9.      Defendant Sonishare LLC is a Utah limited liability company with an address at 764 East 1250 South, Kaysville, Utah 84037.

10.      Defendant Sonishare EU Limited is a company incorporated in the United Kingdom with a registered address at 24 Nicholas Street, Chester, CH1 2AU, United Kingdom. According to UK company records, Defendant Matthew Preece is a director and shareholder of Sonishare EU Limited.

11.      Defendant Fortimer Ltd. is a Belize IBC company whose registered agent is located at Lugano Corporate Services Ltd., 7 New Road, P.O. Box 2134, Belize City, Belize.

## JURISDICTION AND VENUE

12.      The Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.  Philips' claims are based on violations of the Lanham Act, as amended, 15 U.S.C. §§ 1051-1127.

13.     As a separate and independent basis, the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because (1) the amount in controversy exceeds $75,000, exclusive of interest and costs, and, as set forth above, (2) the suit is between parties of different states.

14.     This Court has personal jurisdiction over Defendants and venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c) because, on information and belief, Defendants transact business in the State of Utah and in this judicial district; knowingly committed tortious acts aimed at, and causing harm within, the State of Utah and this judicial district; and because events giving rise to the claims asserted in this Complaint have occurred, and will continue to occur, in the State of Utah and in this judicial district.  Additionally, the Court has personal jurisdiction over Fortimer Ltd. because, on information and belief derived from the representations of counsel for Defendants Matthew Preece and Preece Holdings LLC, Fortimer Ltd. transacted business in the state of Utah by acquiring Sonishare LLC (a Utah limited liability company) and Sonishare EU Limited in transactions with Preece Holdings LLC, and such acquisition gives rise to the claims asserted against Fortimer Ltd. in this Complaint.

15.     On information and belief, Defendants continue to promote, ship, distribute, and sell products bearing the SONISHARE mark and the infringing replacement toothbrush head trade dress in the State of Utah and in this judicial district.  The damage to Philips and its intellectual property from Defendants' actions occurs in this judicial district.

## FACTS

### Philips' SONICARE Trademark

16.     Philips is the owner of the well-known and famous SONICARE brand name, which it uses on a wide variety of oral healthcare products, including electronic toothbrushes and

replacement toothbrush heads.  The SONICARE mark has been continuously used and promoted

for oral healthcare products since at least as early as 1992.  As a result of this longstanding and

extensive use and promotion, Philips' SONICARE brand has enjoyed substantial commercial

success and commands a significant share of the electric toothbrush market.

      17.     In view of the inherent strength of the SONICARE mark, the duration and extent

of use of this mark, the duration and extent of advertising, and the degree of recognition of this

mark by the public, Philips's SONICARE mark has become famous and is an asset of

incalculable value.  Further, such fame was achieved long before any use of the SONISHARE

mark by Defendants.

      18.     Philips owns the following United States trademark registrations for its

SONICARE mark (copies of the registrations can be found in Exhibit A):

| Mark | Reg. No. Reg. Date | Goods/Services First Use in Commerce/Filing Basis |
|---|---|---|
| SONICARE | 1848213 08-02-1994 | Toothbrushes in Class 21 First Use in Commerce: 12-07-1992 |
| sonicare | 3627254 05-26-2009 | Electric toothbrushes in Class 21 Filing Basis: 66(a) |
| sonicare | 4590785 08-26-2014 | Dentifrices; toothpaste; cosmetic tooth whitener; bleaching products for tooth whitening, namely, tooth whitening preparations; tooth gel with tooth whitening effect; mouth waters in the nature of mouth washes, and mouth and dental care products, not for medical purposes, namely, tooth cleaning lotions, tooth powder, mouth rinses, dental bleaching gel in Class 3<br><br>Material for filling teeth; dental wax; dental lacquers; pharmaceutical preparations for dental purposes for prevention of cavities, treatment of tooth decay, pain relief; pharmaceutical pastes and preparations for use in the prevention of tooth and gum diseases; diagnostic reagents for medical purposes, namely, reactive dyes to detect the dental plaques; dental prophylactic paste for medical purposes in Class 5<br><br>Electric and non-electric toothbrushes, including denture brushes, and their structural and replacement parts; replaceable toothbrush |

| Mark | Reg. No. Reg. Date | Goods/Services First Use in Commerce/Filing Basis |
|---|---|---|
| | | heads; apparatus for cleaning teeth and gums, namely, toothbrushes, apparatus for cleaning teeth and gums using compressed air and high speed water for home use, dental floss picks; dental floss; toothpicks; toothpick holders, not of precious metal; tongue cleaning instruments in the nature of brushes and scrapers for personal care in Class 21 <br><br> Filing Basis: 66(a) |
| **sonicare** | 4906671 03-01-2016 | Dental apparatus and instruments, namely, dental mouthpieces, teeth retractors, and instruments used for gum and tooth cleaning, cosmetic dentistry and teeth whitening applications; electrical dental appliances, namely, instruments and fixtures used for gum and tooth cleaning, cosmetic and tooth whitening applications; tongue scrapers and tongue cleaning implements; led lamps for whitening teeth for dental purposes in Class 10 <br><br> Apparatus for lighting for dental applications; lighting fixtures for cosmetic and teeth whitening applications; led lamps for cosmetic and teeth whitening applications in Class 11 <br><br> Filing Basis: 66(a) |

19.     The above registrations are valid and subsisting and constitute prima facie evidence of the validity of the SONICARE mark and registrations, of Philips' ownership of the registrations, and of Philips' exclusive right to use the SONICARE mark in commerce.  They also provide constructive notice of Philips' ownership of the SONICARE mark since at least as early as 1994.  Further, Registration Nos. 1848213 and 3627254 have become incontestable pursuant to 15 U.S.C. §§ 1065 and 1115(b).

20.     Examples of Philips' SONICARE products (past and present) are shown below:









**Save Up to $50 when you purchase Philips Sonicare***





*Save up to $50 off manufacturer's suggested retail price on Philips Sonicare products with printable coupon combined with retailer discounts. Total savings up to $50 at participating retailers in-store through January 28, 2017

**Philips' SONICARE Trade Dress**

21.     Philips owns federally registered trade dress rights in the overall appearance of the base of its e-Series toothbrush heads (the "e-Series Trade Dress"), as shown by the solid lines in the drawing below:



22.     The e-Series Trade Dress includes without limitation (1) the circular dome-like shape of the base, (2) the ovals positioned in the middle of the base that continue around the entire circumference of the base, and (3) two ascending curved parts extending on top of the dome-shaped base.

23.     Philips owns U.S. Registration No. 4836282 for the e-Series Trade Dress.  Such registration grants the e-Series Trade Dress with presumptive distinctiveness and non-functionality.  In addition, given the longstanding advertising, promotion, and sale of the e-Series Trade Dress, it has become well known and exclusively identified in the minds of the public with a particular electric toothbrush head made and sold by Philips, and has thus acquired distinctiveness as a trade dress right of Philips.

24.     Philips also owns common law trade dress rights in the overall appearance of its Sonicare for Kids' replacement toothbrush heads (the "Kids Toothbrush Head Trade Dress"), as shown in the renderings below:



25.     The Kids Toothbrush Head Trade Dress includes without limitation (1) the colors red and blue, and (2) the hooded shape of the red or blue backing that covers the entire area behind the toothbrush bristles and extends down along the back and sides of the brush head until about the middle of the brush head, where it ends in a curve, and (3) a pattern of four white dots on the back of the brush head arranged in a vertical zigzag pattern, which decrease in size from bottom to top.

26.     Given the longstanding advertising, promotion and sale of the Kids Toothbrush Head Trade Dress, it has become well known and exclusively identified in the minds of the

public with a particular toothbrush head made and sold by Philips, and has thus acquired

distinctiveness as a trade dress of Philips.

**Defendants' Wrongful Acts -
Adoption of the Confusingly Similar SONISHARE Trademark**

27.    Defendants own and/or control the website www.sonishare.com and use that

website to sell SONISHARE replacement toothbrush heads.  Defendants also sell SONISHARE

replacement toothbrush heads through Amazon.com.  Defendants' SONISHARE toothbrush

heads can also be found on eBay.  Below are renderings of Philips' SONICARE replacement

toothbrush heads and Defendants' SONISHARE replacement toothbrush heads:



| Philips' SONICARE genuine e-Series replacement toothbrush head | Defendants' SONISHARE imitation e-Series replacement toothbrush head |



| Philips' SONICARE genuine kids replacement toothbrush heads | Defendants' SONISHARE Imitation kids replacement toothbrush head |



| Philips' SONICARE genuine ProResults replacement toothbrush head | Defendants' SONISHARE imitation ProResults replacement toothbrush head |
|---|---|
|  | |
| Philips' SONICARE genuine DiamondClean replacement toothbrush head | Defendants' SONISHARE imitation DiamondClean replacement toothbrush head |

28.    Defendants' SONISHARE mark and Philips' SONICARE mark are highly and confusingly similar in appearance, sound, and overall commercial impression.

29.    Defendants' promotion and advertising of SONISHARE replacement toothbrush heads on the www.sonishare.com website and through Amazon.com and other channels underscore the confusing similarity between the marks SONICARE and SONISHARE. Screenshots from the www.sonishare.com website and Amazon.com are shown below:



See http://sonishare.com/collections/sonicare/products/sonishare-new-replacement-toothbrush-heads-for-philips-sonicare-proresults-hx6013-hx6014-4-8-12-20-packs-available



See http://sonishare.com/collections/sonicare

15



See https://www.amazon.com/SoniShare-Premium-Replacement-Toothbrush-Sonicare/dp/B01JFC3GYK/ref=sr_tnr_p_5_8517148011_1_a_it?ie=UTF8&qid=1475540123&sr=8-5&keywords=sonishare

30.    Defendants' use of the mark SONISHARE for replacement toothbrush heads has

caused actual consumer confusion.  For example, purchasers of SONISHARE products on

Amazon have stated in customer reviews:

- "Be aware… these are knock offs and not Sonic Care products.  They come apart, don't fit snugly on the brush handle and in general are not high quality."  See https://www.amazon.com/gp/customer-reviews/R2F9CN0XDZIQC8/ref=cm_cr_getr_d_rvw_ttl?ie=UTF8&ASIN=B019EPYTYO

- "Admittedly, it was my fault for not looking closer when I ordered these as I thought I was ordering the actual Phillips Sonicare replacement heads. But when they arrived I thought "give them a try". So I did. I don't know if there is a difference in price or not, but I would not want these again even if they were free. The brushes seem much softer, but I have no way to measure that as I do not currently have any Phillips new ones, so I can't be sure. The brush definitely did not fit as well and left a big gap between the handle and the bottom of the brush head. The brush handle is also shorter than the Phillips replacement heads. And the part of the head that holds the bristles is also thicker than the genuine Phillips

16

heads ..... **I think that in spirit if not in law, naming a "generic" product so closely to the name of the actual product ("SoniShare instead of Sonicare") is most definitely deceptive if not actually fraud.** Believe me, I will NOT order these again and I will hereafter be very vigilant in insuring that I am ordering the replacement heads make by Phillips." See https://www.amazon.com/gp/customer-reviews/R2RGF8XMH0WEDL/ref=cm_cr_getr_d_rvw_ttl?ie=UTF8&ASIN=B019EPYTYO (emphasis added)

- "Look closely, these are not the sonicare. Due to the shape of the bristles i find that it is hard to brush my back teeth wo the toothbrush plastic vibrating against them. Its uncomfortable. The sonicare has the longer bristles at the top of the brush so it can reach those back teeth wo this problem." See https://www.amazon.com/gp/customer-reviews/R2LKNX8THTT3L/ref=cm_cr_getr_d_rvw_ttl?ie=UTF8&ASIN=B01BCW8IHG.

- "Be aware, these are not Sonicare replacement brushes. The name is very close and I did not look close enough at the information and ended up with something I wasnt expecting. Its my fault and the brushes are OK, but be sure you know what you are ordering. One side note, the brush heads on these are much firmer than the official Sonicare heads. If you have sensitive teeth or gums like I do, this could present a problem for you." See https://www.amazon.com/gp/customer-reviews/R33V9CDA57VTPO/ref=cm_cr_getr_d_rvw_ttl?ie=UTF8&ASIN=B01BCW8IHG.

- "The advert clearly states 'Sonicare' but you actually get SoniSHARE. It boasts to fit the Sonicare toothbrush and it does not fit in any way. This is a classic bait-and-switch SCAM, relying on the hope that customers won't zoom-in on their product pictures or read the fine print before hitting the purchase button. DO NOT WASTE YOUR TIME on this shady, MISLEADING group of individuals." See https://www.amazon.com/gp/customer-reviews/R2DINJFAAB8YK/ref=cm_cr_getr_d_rvw_ttl?ie=UTF8&ASIN=B01BCW8IHG.

- "These are cheap knockoffs of the Sonicare brand and you get what you pay for. They don't stay on very well and they don't last very long. I think next time I will buckup and pay more for the real Sonicare replacement heads." See https://www.amazon.com/gp/customer-reviews/R1HHK9QIJQ1YYB/ref=cm_cr_getr_d_rvw_ttl?ie=UTF8&ASIN=B01BCW8IHG.

- "I was not paying close attention to the name and thought I was getting the SoniCare brush heads. These are much cheaper and do not feel as nice as the SoniCare brand heads. They do work just as well, except I just barely notice more staining from coffee and red wine than with SoniCare brush heads." See

https://www.amazon.com/gp/customer-reviews/R4M4SSRSL28Y7/ref=cm_cr_getr_d_rvw_ttl?ie=UTF8&ASIN=B01BCW8IHG.

- "Thought I was buying sonicare brand brushes. The name tricked me. Should have looked closer. Bristles are not as hard as sonicare. we will see how long they last. Plus they do not come with the plastic covering for each brush that you expect to get with sonicare brushes." See https://www.amazon.com/gp/customer-reviews/RYC6UMDRCDMLQ/ref=cm_cr_getr_d_rvw_ttl?ie=UTF8&ASIN=B01BCW8IHG.

- "Cheap knockoff brush heads. Bristles way too soft, which makes you hit your teeth with the hard plastic. Amazon is really bad about letting these companies sell their counterfeit products. Don't waste your money on these." See https://www.amazon.com/gp/customer-reviews/RHWYJ69KZACAJ/ref=cm_cr_getr_d_rvw_ttl?ie=UTF8&ASIN=B01BCW8IHG.

- "This is not a genuine replacement head. It's a cheap Chinese knockoff made to look as close as possible to the real thing. Doesn't fit the wand as well; leaves a gap. Bristles are the same color but different material and thinner." See https://www.amazon.com/gp/customer-reviews/R1U58WNEVZ1FZF/ref=cm_cr_arp_d_rvw_ttl?ie=UTF8&ASIN=B01BCW8IHG.

- "quality is pretty bad, the brush is falling off when I first time used it. Also the production naming is trying to confuse buyer that these are generic one producing by Philips and apparently it is not." See https://www.amazon.com/gp/customer-reviews/R2O8YFC0O0P2AJ/ref=cm_cr_getr_d_rvw_ttl?ie=UTF8&ASIN=B01BCW8IHG.

- "I didn't realize I was buying an off-brand. They don't last well at all and the bristles basically continually fall out in my mouth while trying to brush. Additionally, it falls off the automatic toothbrush base regularly." See https://www.amazon.com/gp/customer-reviews/RHEH40CBK5P6M/ref=cm_cr_getr_d_rvw_ttl?ie=UTF8&ASIN=B01BCW8IHG.

- "This is not a "SoniCare" product, but "SoniShare" - read carefully! These are knock-off toothbrush heads and are terrible quality. Wish I could get my money back!" See https://www.amazon.com/gp/customer-reviews/R28KMO48Z1OQ3G/ref=cm_cr_arp_d_rvw_ttl?ie=UTF8&ASIN=B01BCW8IHG.

- "Warning! These are not sonicare toothbrush heads and do not fit sonicare tooth brushes. They fall off and won't stay on the brush after about 10 uses! Do not buy" See https://www.amazon.com/gp/customer-

[reviews/R2FWPA89IJKJYT/ref=cm_cr_arp_d_rvw_ttl?ie=UTF8&ASIN=B01BC W8IHG](reviews/R2FWPA89IJKJYT/ref=cm_cr_arp_d_rvw_ttl?ie=UTF8&ASIN=B01BCW8IHG).

- "I should have read the description better. I thought they were official Sonicare brand, but they aren't. They work ok but not as comfortable as the branded ones. I'll pay more for the actual sonicare replacements next time."  See [https://www.amazon.com/gp/customer-reviews/R3AMJGM6WOQSU3/ref=cm_cr_getr_d_rvw_ttl?ie=UTF8&ASIN=B0 1BCW8IHG](https://www.amazon.com/gp/customer-reviews/R3AMJGM6WOQSU3/ref=cm_cr_getr_d_rvw_ttl?ie=UTF8&ASIN=B01BCW8IHG).

31.     On information and belief, Defendants intentionally adopted the mark SONISHARE for the purpose of exploiting and trading on the substantial goodwill, reputation, success, and selling power associated with Philips' SONICARE mark.

**Defendants' Wrongful Acts -
Adoption of Confusingly Similar Trade Dress**

32.     Long after Philips first sold toothbrush heads with its distinctive e-Series Trade Dress, and long after that trade dress became associated exclusively with Philips in the minds of the public, Defendants began to market and sell their SONISHARE replacement toothbrush heads in trade dress that copies Philips' e-Series Trade Dress, as shown below:



| Philips' e-Series trade dress (solid lines in drawing) | Philips' e-Series replacement toothbrush head | Defendants' infringing trade dress |

33.     Because Defendants' trade dress as shown above is indistinguishable in overall appearance from Philips' e-Series Trade Dress, it is likely to cause confusion.

34.     Long after Philips first sold toothbrush heads with its distinctive Kids Toothbrush Head Trade Dress, and long after that trade dress became associated exclusively with Philips in the minds of the public, Defendants began to market and sell their SONISHARE replacement

toothbrush heads in trade dress that copies Philips' Kids Toothbrush Head Trade Dress, as shown

below:



35.    The SONISHARE kids replacement toothbrush heads also copy the exact same

dotting pattern as on the Philips kids heads, as shown below:

     

Philips head                    SONISHARE head

36.     Because Defendants' trade dress as shown above is indistinguishable in overall appearance from Philips' Kids Toothbrush Head Trade Dress, it is likely to cause confusion.

37.     The Defendants, their SONISHARE mark and "sonishare.com" domain name, the trade dress of their SONISHARE replacement toothbrush heads, and the above-referenced business activities are not associated with, or approved or authorized by, Philips or Philips' genuine SONICARE products.  Philips has never authorized or condoned Defendants' use of the SONISHARE mark or the Defendants' trade dress for any products or services.

38.     Defendant Preece Holdings LLC previously owned or controlled Sonishare LLC and Sonishare EU Limited and, on information and belief derived from the representations of counsel for Defendants, Preece Holdings LLC transferred some or all of these entities to Defendant Fortimer Ltd. on or around September 1, 2016.  This transfer  to Fortimer Ltd. (a Belize company)  is a transparent and calculated attempt to avoid the jurisdiction of U.S. courts, while continuing the infringing activities stated above.

**Defendants' Wrongful Acts -
False and Misleading Statements**

39.     Further ensuring consumer confusion, the www.sonishare.com website and Amazon offerings contain numerous false and misleading statements.  For example, such statements claim that the seller behind such products "provide[s] the highest quality Sonicare toothbrush heads on Amazon," and that "our easy 'Push On' sonicare replacement heads provide easy installation and removal":

- PROTECT YOUR SMILE - Our brush heads are better at removing plaque, decreasing the chance of gingivitis when compared to a manual toothbrush.
- HIGH COMPATIBILITY - Our easy "Push On" sonicare replacement heads provide easy installation and removal. Compatible with the following Sonicare Handles: Diamond Clean, Flex Care, FlexCare +, Healthy White, and Easy Clean. (Complete list of compatible models in description below)
- SUPERIOR QUALITY - We provide the highest quality Sonicare toothbrush heads on Amazon. 100% Satisfaction Gaurantee
- FUNCTIONAL DESIGN - Our contoured field of bristles are designed to fit the natural shape of your teeth.
- 12 MONTH SUPPLY - 4 Proresults replacement brush heads provide 12 months of high quality effective brushing.

See http://sonishare.com/collections/sonicare/products/sonishare-new-replacement-toothbrush-heads-for-philips-sonicare-proresults-hx6013-hx6014-4-8-12-20-packs-available

40.     Additionally, Defendants falsely state in commercial advertising and promotion that their products are "replacements" or "generic" versions of Philips' genuine replacement toothbrush heads.  These statements are materially false and misleading because they convey to

consumers that Defendants' products are equivalent to Philips' genuine replacement heads, when in fact they are not.  Among other things, Defendants' products do not use the same tufting as Philips' genuine products.

<strong>Injury to Philips</strong>

41.     As a direct and proximate result of the Defendants' willful actions, Philips has been damaged and will continue to be irreparably harmed unless Defendants' unlawful conduct is enjoined.  There is no adequate remedy at law to redress the damage done to the goodwill associated with Philips' SONICARE trademark, the e-Series Trade Dress, and the Kids Toothbrush Head Trade Dress.

42.     Defendants have acted with fraud and malice, and intended to injure Philips and wrongfully advantage themselves at Philips' expense.  With full knowledge of Philips' SONICARE trademark and replacement toothbrush head trade dress, Defendants purposefully adopted a confusingly similar trademark and replacement toothbrush head trade dress to capitalize on the valuable goodwill and recognition established by Philips' SONICARE products and Philips' status as industry leader.

<strong><u>CLAIMS FOR RELIEF</u></strong>

<strong>Count I:</strong><br/>
<strong>Federal Trademark Infringement under</strong><br/>
<strong>Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)</strong>

43.     Philips adopts and incorporates by reference the preceding paragraphs as if fully restated.

24

44.     As the owner of the federally registered SONICARE mark for toothbrushes, replacement toothbrush heads, and related products, Philips is entitled to the exclusive use of that mark and any confusingly similar marks throughout the United States.

45.     As a result of Philips' widespread and continuous use of the SONICARE mark in commerce, that mark enjoys considerable goodwill and has become associated with Philips and its products.

46.     Prior to the Defendants' adoption and use of the mark SONISHARE, Defendants had actual notice of Philips' SONICARE mark, as evidenced by the repeated references to the SONICARE mark on Defendants' www.sonishare.com website.  Additionally, Defendants had constructive notice of the registered SONICARE mark pursuant to 15 U.S.C. § 1072.

47.     Defendants, in order to facilitate confusion, mistake, or deception, and in an attempt to trade on the goodwill, reputation, and marketing power of Philips' SONICARE mark, deliberately and willfully adopted and used the SONISHARE mark in connection with products that directly compete with genuine Philips' SONICARE-branded products.  Defendants' adoption of the SONISHARE mark was in bad faith and calculated to create consumer confusion.  Defendants have used and continue to use the SONISHARE mark in connection with the sale, offering for sale, distribution, and promotion of their products in such a manner as to misrepresent the source, sponsorship, and approval of their goods.

48.     Defendants' unauthorized use of the SONISHARE mark deprives Philips of the ability to control consumer perception of the quality of the goods marketed and sold under the SONICARE mark and, instead, places Philips' valuable reputation and goodwill into the hands of Defendants, over whom Philips has no control.

49.     In view of the confusing similarities of the parties' marks, the identical nature of the parties' goods, and the Defendants' bad faith and calculated efforts to confuse consumers, Defendants' SONISHARE mark is likely to cause confusion, or to cause mistake, or to deceive in violation of 15 U.S.C. § 1114.

**Count II:**
**Federal Trade Dress Infringement under**
**Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)**

50.     Philips adopts and incorporates by reference the preceding paragraphs as if fully restated.

51.     As the owner of the federally registered e-Series Trade Dress for toothbrush heads, Philips is entitled to the exclusive use of that trade dress and any confusingly similar trade dress throughout the United States.

52.     As a result of Philips' widespread and continuous use of the e-Series Trade Dress in commerce, that trade dress enjoys considerable goodwill and has become associated with Philips and its products.

53.     Prior to the Defendants' adoption and use of its confusingly similar trade dress, Defendants had actual notice of Philips' e-Series Trade Dress.  Additionally, Defendants had constructive notice of the federally registered e-Series Trade Dress mark pursuant to 15 U.S.C. § 1072.

54.     Defendants, in order to facilitate confusion, mistake, or deception, and in an attempt to trade on the goodwill, reputation, and marketing power of Philips' e-Series Trade Dress, deliberately and willfully adopted and used an indistinguishable trade dress in connection with directly competing products.  Defendants' adoption of a confusingly similar trade dress was

in bad faith and calculated to create consumer confusion.  Defendants have used and continue to use their confusingly similar trade dress in connection with the sale, offering for sale, distribution, and promotion of their products in such a manner as to misrepresent the source, sponsorship, and approval of their goods.

57.     Defendants' unauthorized use of the e-Series Trade Dress deprives Philips of the ability to control consumer perception of the quality of the goods marketed and sold under e-Series Trade Dress and, instead, places Philips' valuable reputation and goodwill into the hands of Defendants, over whom Philips has no control.

56.     In view of the indistinguishable nature of the parties' trade dress, the identical nature of the parties' goods, and the Defendants' bad faith and calculated efforts to confuse consumers, Defendants' trade dress is likely to cause confusion, or to cause mistake, or to deceive in violation of 15 U.S.C. § 1114.

### Count III:
### Trademark Infringement, False Designation
### of Origin, Passing Off, and Unfair Competition
### Under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)

57.     Philips adopts and incorporates by reference the preceding paragraphs as if fully restated.

58.     Defendants have used and continue to use the SONISHARE mark in connection with the sale, offering for sale, distribution, and promotion of their products in such a manner as to misrepresent the source, sponsorship, and approval of their goods.

59.     Defendants' unauthorized use of the SONISHARE mark falsely suggests that its goods are connected with, sponsored by, affiliated with, related to, and/or approved by Philips.

60.     Defendants have acted with knowledge of Philips' SONICARE mark and with the intention of unfairly benefiting from the goodwill symbolized by that mark.

61.     Defendants' actions are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendants' SONISHARE products with Philips and/or Philips' SONICARE products, and thus constitute trademark infringement, false designation of origin, passing off, and unfair competition, all in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

**Count IV:**
**Trade Dress Infringement**
**Under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)**

62.     Philips adopts and incorporates by reference the preceding paragraphs as if fully restated.

63.     Defendants have used and continue to use the e-Series Trade Dress and Kids Toothbrush Head Trade Dress in connection with the sale, offering for sale, distribution, and promotion of their products in such a manner as to misrepresent the source, sponsorship, and approval of their goods.

64.     Defendants' unauthorized use of the e-Series Trade Dress and Kids Toothbrush Head Trade Dress falsely suggests that its goods are connected with, sponsored by, affiliated with, related to, and/or approved by Philips.

65.     Defendants have acted with knowledge of Philips' e-Series Trade Dress and Kids Toothbrush Head Trade Dress and with the intention of unfairly benefiting from the goodwill symbolized by such trade dress.

66.     Defendants' actions are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendants' replacement toothbrush heads with Philips and/or Philips' replacement toothbrush heads, and thus constitute trade dress infringement, false designation of origin, passing off, and unfair competition, all in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

**Count V:**
**Federal False Advertising Under**
**Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B)**

67.     Philips adopts and incorporates by reference the preceding paragraphs as if fully restated.

68.     Defendants have made false and misleading descriptions of fact in commerce which, in commercial advertising and promotion, misrepresent the nature, characteristics, and qualities of their goods, in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

**Count VI:**
**Dilution Under 15 U.S.C. § 1125(c)**

69.     Philips adopts and incorporates by reference the preceding paragraphs as if fully restated.

70.     Philips' SONICARE mark is inherently distinctive and is widely recognized by the general consuming public of the United States as a designation of source of the goods offered in connection with such mark.  The SONICARE mark has been used for well over two decades, generating substantial revenues and widespread publicity for a line of consumer oral healthcare products.

71.     Philips' SONICARE mark is famous, as that term is used in 15 U.S.C. § 1125(c), and was famous long before Defendants first used the SONISHARE mark.

72.     Defendants' SONISHARE mark so closely resembles Philips' famous and distinctive SONICARE mark that it is likely to dilute the distinctive quality and character of Philips's SONICARE mark in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).  Defendants' use of the SONISHARE mark is likely to cause dilution by blurring and/or dilution by tarnishment in violation of 15 U.S.C. § 1125(c).

**Count VII:**
**Cybersquatting Under 15 U.S.C. §1125(d)**

73.     Philips adopts and incorporates by reference the preceding paragraphs as if fully restated.

74.     Defendants registered, trafficked in, and/or used the "sonishare.com" domain name with a bad-faith intent to profit from Philips' SONICARE trademark.

75.     The "sonishare.com" domain name is confusingly similar to Philips' SONICARE trademark.

76.     Philips' SONICARE trademark was distinctive and federally registered at the U.S. Patent and Trademark Office at the time Defendants registered, trafficked in, and/or used the "sonishare.com" domain name.

77.     Defendants do not have any intellectual property rights or any other rights in Philips' SONICARE trademark.

78.     Defendants have registered and used the "sonishare.com" domain name to divert consumers looking for genuine SONICARE products and to facilitate consumer confusion. Defendants have done so for their own commercial gain and with the intent of causing likely

consumer confusion as to the source, sponsorship, affiliation, or endorsement of the "sonishare.com" website and products sold at such site.

79.     Philips' SONICARE mark is famous within the meaning of 15 U.S.C. § 1125(c).

80.     Defendants registered the "sonishare.com" domain name through a privacy service to prevent or hinder trademark owners and others from discovering information about Defendants' activities.

81.     Defendants' registration, use, and/or trafficking in the "sonishare.com" domain name constitutes cybersquatting in violation of 15 U.S.C. § 1125(d).

**Count VIII:**
**Common Law Trademark Infringement and Unfair Competition**

82.     Philips adopts and incorporates by reference the preceding paragraphs as if fully restated.

83.     Because of Philips' significant promotional and advertising efforts under the SONICARE mark, that mark has become uniquely associated with Philips and identifies Philips as the source of SONICARE-branded products.  As such, the SONICARE mark is a valid trademark under the common law.

84.     Defendants have used and continue to use the SONISHARE mark in connection with the sale, offering for sale, distribution, and promotion of their products in such a manner as to misrepresent the source, sponsorship, and approval of their goods.  Such activities have caused, and continue to cause, a likelihood of confusion as to the source of Philips' and Defendants' competing products.

85.     Defendants' acts constitute trademark infringement under the common law.

86.     Defendants' unauthorized and infringing use of the SONISHARE mark also constitutes unfair competition under the common law, in that such use enables Defendants to obtain the benefit of, and trade on, the goodwill of Philips' SONICARE mark, and is likely to cause confusion, mistake, or deception in a manner that unjustly enriches Defendants.

### Count IX:
### Common Law Trade Dress Infringement and Unfair Competition

87.     Philips adopts and incorporates by reference the preceding paragraphs as if fully restated.

88.     Because of Philips' significant promotional and advertising efforts under the e-Series Trade Dress and Kids Toothbrush Head Trade Dress, each trade dress has become uniquely associated with Philips and serves as a source identifier.  Neither trade dress is functional.  As such, the e-Series Trade Dress and Kids Toothbrush Head Trade Dress are valid under the common law.

89.     Defendants have used and continue to use trade dress that is confusingly similar to the e-Series Trade Dress and Kids Toothbrush Head Trade Dress in connection with the sale, offering for sale, distribution, and promotion of their replacement toothbrush heads in such a manner as to misrepresent the source, sponsorship, and approval of such goods.  Such activities have caused, and continue to cause, a likelihood of confusion as to the source of Philips' and Defendants' directly competing products.

90.     Defendants' acts constitute trade dress infringement under the common law.

91.     Defendants' unauthorized and infringing use of the e-Series Trade Dress and Kids Toothbrush Head Trade Dress also constitutes unfair competition under the common law, in that such use enables Defendants to obtain the benefit of, and trade on, the goodwill of Philips' e-

Series Trade Dress and Kids Toothbrush Head Trade Dress, and is likely to cause confusion, mistake, or deception in a manner that unjustly enriches Defendants.

**Count X:**
**Unfair Competition Under Utah Code Ann. § 13-5a-101** *et seq.*

92.     Philips adopts and incorporates by reference the preceding paragraphs as if fully restated.

93.     Defendants have used and continue to use the SONISHARE mark in connection with the sale, offering for sale, distribution, and promotion of their products in such a manner as to misrepresent the source, sponsorship, and approval of their goods.  These actions were and are intentional, unfair, and infringe Philips' SONICARE mark.

94.     Defendants' unauthorized use of the SONISHARE mark falsely suggests that such branded goods are connected with, sponsored by, affiliated with, related to, and/or approved by Philips.

95.     Defendants have acted with knowledge of Philips' SONICARE mark and with the intention of unfairly benefiting from the goodwill symbolized by that mark.

96.     Defendants' acts constitute unfair competition and unfair business practices under Utah's Unfair Competition Act (Utah Code Ann. § 13-5a-101 *et seq.*).

**Count XI:**
**Deceptive Trade Practices Under Utah Code Ann. § 13-11-1** *et seq.*

97.     Philips adopts and incorporates by reference the preceding paragraphs as if fully restated.

98.     Defendants have used and continue to use the SONISHARE mark in connection with the sale, offering for sale, distribution, and promotion of their products in such a manner as

to misrepresent the source, sponsorship, and approval of their goods.  Defendants also make false and misleading statements regarding their ability to offer genuine SONICARE products.  These actions were and are intentional, unfair, and create a likelihood of confusion as to the source of Defendants' and Philips' competing goods.

99.     Defendants' actions constitute deceptive acts under the Utah Consumer Sales Practices Act (Utah Code Ann. § 13-11-1 *et seq.*).

**COUNT XII**
**Unfair Competition - Utah Business and Professional Code**

100.     Philips adopts and incorporates by reference the preceding paragraphs as if fully restated.

101.     Defendants' use of the SONISHARE mark and their false and misleading statements constitute deceptive trade practices and unfair competition in violation of Utah Code § 13-11a-3.

**PRAYER FOR RELIEF**

WHEREFORE, Philips requests that this Court enter judgment in its favor on each and every claim for relief set forth above, and award Philips relief including, but not limited to, the following:

A.     A permanent injunction against Defendants and their employees, agents, officers, directors, shareholders, subsidiaries, related companies, affiliates, distributors, dealers, suppliers, and all those in active concert or participation with any of them, prohibiting them from using the SONISHARE mark, the e-Series Trade Dress, and/or the Kids Toothbrush Head Trade Dress, or any confusingly similar marks or trade dress, in any manner, including but not limited to in connection with any product or service, as a domain name, or as a company name;

34

B.      An Order requiring Defendants to sequester, forfeit, and deliver up for destruction all infringing products in their possession, custody, or control, or in the possession, custody, or control of any of their agents or representatives, that bear the SONISHARE mark, the e-Series Trade Dress, and/or the Kids Toothbrush Head Trade Dress, or confusingly similar variations;

C.      An Order requiring Defendants to deliver up for destruction all materials in their possession, custody or control, or in the possession, custody, or control of any of their agents or representatives, embodying or displaying the SONISHARE mark, the e-Series Trade Dress, and/or the Kids Toothbrush Head Trade Dress, or confusingly similar variations, including but not limited to catalogs, advertisements, promotional materials, and the like;

D.      An Order requiring Defendants to transfer the "sonishare.com" domain name to Philips;

E.      An Order requiring Defendants to dissolve the infringing company names Sonishare LLC and Sonishare EU Limited;

F.      An Order prohibiting Defendants from registering or seeking to register the SONISHARE mark, the e-Series Trade Dress, and/or the Kids Toothbrush Head Trade Dress at the U.S. Patent and Trademark Office (*see* 15 U.S.C. § 1052);

G.      An Order finding that the intentional nature of Defendants' acts makes this an exceptional case under 15 U.S.C. § 1117(a);

H.      An Order requiring Defendants to account for and pay to Philips all profits and unjust gains arising from their unlawful acts, and trebling such profits in accordance with 15 U.S.C. § 1117;

I.      An Order requiring Defendants to pay for corrective advertising to correct consumer confusion or misperceptions resulting from Defendants' unlawful acts (*see Big O Tire Dealers, Inc. v. Goodyear Tire & Rubber Co.*, 561 F.2d 1365, 1375 (10th Cir. 1977));

J.      An Order requiring Defendants to pay Philips compensatory damages caused by Defendants' unlawful acts, in an amount to be proven at trial, and trebling such damages in accordance with 15 U.S.C. § 1117;

K.      An Order requiring Defendants to pay, on election by Philips, statutory damages under 15 U.S.C. § 1117(c), in an amount of up to $100,000, for Defendants' cybersquatting activities related to the "sonishare.com" domain name;

L.      An Order requiring Defendants to pay Philips its reasonable attorneys' fees under 15 U.S.C. §1117; Utah Code Ann. 1953 § 13-5a-103; and Utah Code Ann. 1953 § 13-11-17.5;

M.      An Order requiring Defendants to pay punitive damages, sufficient to punish and deter Defendants from engaging in such conduct in the future, in an amount to be ascertained at trial (*see* Utah Code Ann. 1953 § 13-5a-103);

N.      An Order requiring Defendants to pay Philips pre- and post-judgment interest;

O.      An Order requiring Defendants to pay Philips all allowable costs associated with this action;

P.      An Order requiring Defendants to file with the Court and serve upon Philips a written report under oath setting forth in detail the manner and form in which Defendants have complied with the injunction and judgment within thirty (30) days after the service of the injunction and judgment upon Defendants; and

Q.      Such other relief as the Court may deem appropriate.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Philips respectfully demands a trial by jury on all

issues properly triable to a jury in this action.

Dated:  May 5, 2017                    Respectfully submitted,


                                       */s/ Maralyn M. English*_____
                                       Samuel Alba (0031)
                                       Maralyn M. English (8468)
                                       SNOW, CHRISTENSEN & MARTINEAU
                                       10 Exchange Place, Eleventh Floor
                                       P.O. Box 45000
                                       Salt Lake City, Utah 84145
                                       Telephone (801) 521-9000
                                       sa@scmlaw.com
                                       mme@scmlaw.com

                                       *Attorneys for Plaintiffs*

4838-6998-5864, v. 1